UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO TRUJILLO HERNANDEZ, | No. 1:25-cv-1711-WBS-SCR |
| Petitioner, | |
| v. | ORDER |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner, an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 together with a motion to proceed in forma pauperis.  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

Petitioner has also requested the appointment of counsel.  In light of the complexity of the legal issues involved and petitioner's demonstration of indigency, the court has determined that the interests of justice require the appointment of counsel.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  The court appoints the Office of the Federal Defender for this District to represent petitioner in this case.

////

1

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1]  Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondent will be directed to show cause why the writ should not be granted by filing an answer/return within 20 days from the date of this order.  See 28 U.S.C. § 2243.  Petitioner may file a reply/traverse to the answer/return within 14 days after being served a copy of it.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Petitioner's motion to appoint counsel (ECF No. 3) is granted.  The Federal Defender is appointed to represent petitioner.

3. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention:  Habeas Appointment, along with a copy of the § 2241 petition.

4. Additionally, the Clerk of the Court shall serve a copy of this order together with a copy of the § 2241 petition on the United States Attorney's Office.

5. The parties are directed to meet and confer for the purpose of submitting a joint proposed briefing schedule in this case.

6. The parties shall file a joint proposed briefing schedule and submit it to the court by emailing it to SCRorders@caed.uscourts.gov no later than 14 days from the date of this order.

7. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that

////

////

---

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: December 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE