UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RAMIRO TRUJILLO HERNANDEZ,

           Petitioner,

    v.

WARDEN, ET AL.,

           Respondents.

No. 1:25-cv-1711-WBS-SCR

MEMORANDUM AND ORDER

----oo0oo----

        Before the court is petitioner Ramiro Trujillo Hernandez's pro se petition for habeas corpus.  (Docket No. 1). On March 16, 2026, the assigned Magistrate Judge filed findings and recommendations, in which he recommends that petitioner's petition for habeas corpus be granted.  (See Docket No. 19.)

        For the following reasons, this court rejects the Magistrate Judge's recommendation.

I.   Undisputed Facts

        Petitioner alleges that he was admitted to the United

1

States as a lawful permanent resident in 1988.  (Docket No. 19 at 1.)  On August 31, 2007, he was convicted of attempted murder in violation of Cal. Penal Code §§ 187, 664, and sentenced to twenty-seven years in prison.  (Id.)

He further alleges that he was paroled from state custody on May 20, 2025, and that same day, he was detained by Immigration and Customs Enforcement ("ICE") officials, who told him that he was subject to removal pursuant to various provisions of the Immigration and Nationality Act, including 8 U.S.C. § 1226(c) ("Section 1226(c)").  (Id. at 2.)   He has remained in federal immigration detention at the Golden State Annex Detention Facility ever since.  (Id. at 1.)

II.  Discussion

Both parties agree that petitioner was detained by ICE on May 20, 2025, pursuant to Section 1226(c), which requires the Attorney General to "take into custody any alien" who has committed an aggravated felony.  (See Docket No. 19 at 3.)

Read "together with [8 U.S.C.] § 1226(a), [Section] 1226(c) makes clear that detention of aliens within its scope must continue 'pending a decision on whether the alien is to be removed from the United States.'"  Jennings v. Rodriguez, 583 U.S. 281, 303 (2018) (emphasis in original); see also Demore v. Kim, 538 U.S. 510, 527, 531 (2003) (expressing the Supreme "Court's longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings").

The Magistrate Judge found that petitioner is entitled

2

to relief because his "prolonged, mandatory detention" without a bond hearing violates the Due Process Clause.  (See Docket No. 19 at 7-8.)  To reach this conclusion, the Magistrate Judge applied the balancing test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976).

The Supreme Court has never countenanced the application of the Mathews test, or any other balancing test, to analyze the constitutionality of detention during removal proceedings.  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1214 (9th Cir. 2022) (Bumatay, J., concurring).  Indeed, the Court has expressly clarified that Mathews is not to be reflexively applied as "an all-embracing test for deciding due process claims." Dusenbery v. United States, 534 U.S. 161, 168 (2002).

Accordingly, the Supreme Court has held, without so much as mentioning Mathews, that "the government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," Demore, 538 U.S. at 526, because those proceedings inherently have a "definite termination point: the conclusion of removal proceedings," Jennings, 583 U.S. at 304.  See Keo v. Warden of the Mesa Verde Ice Processing Ctr., No. 1:24-cv-00919 HBK (HC), 2025 WL 1029392, at *6 (E.D. Cal. Apr. 7, 2025), appeal dismissed sub nom. Keo v. Warden, No. 25-3546, 2025 WL 2528945 (9th Cir. June 27, 2025) (rejecting application of Mathews and other balancing tests); Banyee v. Garland, 115 F. 4th 928, 932 (8th Cir. 2024) (same).

In sum, petitioner's removal proceedings are

appropriately advancing in due course.[1]  See Uulu v. Warden, ---

F. Supp. 3d ----, 2026 WL 412204, at *7 (E.D. Cal. Feb. 13, 2026)

(explaining that whether a petitioner's immigration proceedings

have been "infected" by "undue delay" is a factor in determining

whether petitioner's detention violates the Due Process Clause).

Accordingly, his detention during those proceedings is

constitutionally permissible -- "with or without [a] bond

hearing[]," Rodriguez Diaz, 53 F. 4th at 1218 (Bumatay, J.,

concurring).  See Demore, 538 U.S. at 531 (collecting cases);

Keo, 2025 WL 1029392, at *7.

IT IS THEREFORE ORDERED that petitioner's petition for

habeas corpus (Docket No. 1) be, and the same hereby is, DENIED.[2]

Dated:  April 2, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1]    Indeed, petitioner has thus far had seven hearings in his immigration proceedings, the first of which occurred two weeks after he was detained.  (Docket No. 14 at 2.)  His next hearing before an immigration judge is currently scheduled for April 22, 2026.  (Docket No. 17 at 3.)  Petitioner has further requested and received five continuances of those hearings, resulting in approximately nineteen weeks of delay of his own making.  (See id.); Demore, 538 U.S. at 531 (observing that duration of custody was in part attributable to detainee requesting continuance of removal hearing).

[2]    The Magistrate Judge further recommended that the court order respondents to provide petitioner with a bond hearing before an immigration judge. (See id. at 13.)  The court will not order that petitioner be afforded a bond hearing because it lacks the power to do so.  See, e.g., Fay v. Noia, 372 U.S. 391, 430-31 (1963) (in habeas proceedings, federal courts have the "power to release" the petitioner and "no other power").

4